due to defendant's negligence in giving plaintiff incorrect information as to the ownership of real estate, whereby plaintiff lost an opportunity of satisfying a judgment, where it appeared that defendant was in the business of supplying such information for hire, and where the written report conveying such information contained a stipulation excusing defendant from pecuniary liability to plaintiff in furnishing the information except on certain conditions, *held* that the stipulation as to liability was part of the contract, and that the conditions named must be complied with to charge defendant with liability.

2. CONTRACTS, § 384*—*when evidence insufficient to show damages from breach*. In an action to recover for damages due to defendant's negligence in giving plaintiff incorrect information as to the ownership of real estate, whereby plaintiff lost an opportunity to satisfy a judgment evidence, *held* insufficient to show that plaintiff was damaged.

---

John Hemwall Automobile Company, Plaintiff in Error, v. Michigan Avenue Trust Company, Defendant in Error.

Gen. No. 21,149.. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the March term, 1915. Reversed with judgment here. Opinion filed December 6, 1915.

## Statement of the Case.

Action by the John Hemwall Automobile Company, a corporation, plaintiff, against the Michigan Avenue Trust Company, a corporation, defendant, to recover back money paid on a contract for the purchase of automobiles. To reverse a judgment of *nil capiat,* plaintiff prosecutes this writ of error.

May 27, 1913, plaintiff and the Midland Motor Company entered into a written contract whereby the motor company agreed to sell and deliver to plaintiff six auto-

*See *Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,* same topic and section number.

408     Appellate Courts of Illinois.

Hemwall Auto. Co. v. Michigan Ave. Tr. Co., 195 Ill. App. 407.

mobiles, Model T-6-50, "fully equipped as per cata-
logue" at $1,400 each, and to deliver one car by May
29th and the others within two weeks from the date of
the contract; and the defendant agreed to pay for said
cars, "fully equipped as per catalogue and covered in
this agreement $600 cash upon signing of this agree-
ment; this amount being a deposit of $100 on each of
the six cars; it being mutually understood that we are
to deduct $100 from the net price of each car as deliv-
ered, making a balance due of $1,300 on each car
delivered." The defendant took over the contract
and undertook its performance. It delivered two cars
to plaintiff for which the latter paid, but complained
that the cars so delivered were not equipped as re-
quired by the contract, and notified defendant that it
would not accept other cars until they were fully
equipped as required by the contract. The defendant
tendered four cars, but plaintiff refused to accept them
on the ground that they were not equipped as required
by the contract. The defendant then sold the cars for
$1,300 each and claimed on the trial the right to set off
the $100 difference on each car between the contract
price and the price at which the cars were sold, against
the claim of plaintiff for the $400 deposited as an
advance payment on the four cars.

It was conceded that the cut in the catalogue, pur-
porting to be a cut of the automobile specified in the
contract, shows six rims and six tires on each car and
a gas tank on the rear of the car, and that the cars
delivered and those tendered did not have six rims or
six tires. White, a witness called by defendant, testi-
fied that the automobiles tendered were not equipped
according to pictures and cuts in the catalogue. The
specifications in the catalogue do not specify the num-
ber of tires or rims.

The cashier of defendant in a letter to plaintiff dated
July 1, 1913, said: "Mr. Sackett (an employee of de-
fendant) advises that the next car you receive is to

be delivered without tires, in view of the fact that you had to equip the last one you sold with Firestone tires; we will therefore make a reduction covering the cost of a set of tires from the price of the car.''

CAVENDER, KAISER & WERMUTH,. for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 224*—*how stipulation as to equipment of automobile construed.* Where a contract for the purchase of automobiles "fully equipped as per catalogue," and where a cut purporting to be a cut of the type of car contracted for which was printed in said catalogue shows a particular equipment of tires and rims, the cars tendered in performance of the contract must be similarly equipped, although the printed specifications for such cars in such catalogue do not require such equipment, the cuts being as much part of the catalogue as the specifications.

2. CONTRACTS, § 387*—*when evidence insufficient to show performance.* In an action to recover back money paid under a contract for automobiles "fully equipped as per catalogue," where plaintiff refused to accept cars tendered in performance of the contract on the ground that such cars were not as required by the contract, evidence *held* insufficient to show that the cars tendered were equipped as required by the contract.

---

## B. J. Grogan, Defendant in Error, v. Consumers Company, Plaintiff in Error.

## Gen. No. 21,163.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.